## MEYER v. MELDRUM.

1. HIGHWAYS AND STREETS—ABANDONMENT.

   In a suit to enjoin the obstruction of an alleged highway, evidence examined and *held*, to conclusively show that if said highway ever existed, it had long since been abandoned.

2. SAME—ABANDONMENT—ESTOPPEL.

   The township, by voluntarily abandoning a disputed strip of land for highway purposes and permitting, without objection, the exercise of full rights of ownership by defendants for many years, is thereby estopped from afterwards claiming it as a part of the highway.

3. SAME—DISCONTINUED BY NONUSER.

   Highways, or portions thereof, may be discontinued by nonuser.

Appeal from St. Clair; Tappan (Harvey), J.    Sub-

---

[1]Highways, 29 C. J. § 250; [2]Id., 29 C. J. § 251; 46 L. R. A. (N. S.) 1213; 13 R. C. L. 65; 6 R. C. L. Supp. 749; [3]Id., 29 C. J. § 251.

mitted October 20, 1926.     (Docket No. 92.)     Decided
January 3, 1927.

Bill by Theodore Meyer, highway commissioner of
Ira township, and another against Charles A. Meldrum
and others to enjoin the obstruction of a highway.
From a decree dismissing the bill, plaintiffs appeal.
Affirmed.

*Shirley Stewart* (*Eugene F. Black,* of counsel), for
plaintiffs.

*Walsh, Walsh & O'Sullivan,* for defendants.

SNOW, J.     This case calls for the determination of
whether a parcel of land 40 by 66 feet in dimension,
lying between the Dixie highway and Lake St. Clair,
is a portion of the Meldrum road, so-called, which
comes down from the north through the townships of
Casco and Ira in St. Clair county.     Plaintiffs claim
that it is, and that the Meldrum road continues on
south of the Dixie (which runs in an easterly and
westerly direction) down to the lake.     Defendants,
on the other hand, claim that this road ends at the
Dixie, and that considerable land south thereof, in-
cluding the parcel in question, belongs to Mr. Meldrum.
While defendants were exercising rights of ownership
in this disputed parcel of land, plaintiffs sought to
enjoin them by injunction, but the trial court, after
hearing proofs and viewing the premises, dismissed
their bill.     Being aggrieved thereby, they appeal.
     Plaintiffs first claim that the records of the township
of Ira in 1864 established the highway in question
down to the lake, thereby including this disputed strip
south of the Dixie.     They further claim that since
that time the public has made such use of the land in
question as in and by itself would establish a public
highway and create a public easement therein.     The
chancellor found against them on both claims, and

strenuous objection is made to such findings, a large portion of the briefs of plaintiffs' counsel being thus directed.

We find it unnecessary to pass upon these holdings, because, in our opinion, the great weight of the evidence establishes beyond question that if there ever existed a highway south of the Dixie, either from user or by lawful establishment, it was legally abandoned as such many years ago. Without referring in detail to the testimony of the various witnesses, we give some of our conclusions as to what the record establishes. The Dixie highway, running along the shore of the lake, was formerly known as the Lake shore road. In 1900 the Detroit United Railway constructed its tracks along the side next to the lake. It was paved four years ago and is largely used. A photograph of the Meldrum road where it runs into the Dixie, showing the surroundings, is one of the exhibits in the case which we find helpful. From this, supplemented by testimony of witnesses, we find that the car tracks are elevated above the pavement, with a level space of ground about three feet on the east and then a decided drop of about two and one-half feet, making it utterly impossible to drive an automobile over it. In the years that have passed, Mr. Meldrum and his ancestors planted trees directly in the path of where the road is claimed to be. He also dug a well there some 15 or 16 years ago, and he has long maintained a dike of some sort, made of logs, stones and cement, to prevent the land being washed away by the water from the lake. For many years there has been no attempt to travel over this land as a highway, and the township has done no work on it as such. Henry Paquette, a witness for plaintiffs, claims he did some township highway work in opening a ditch south of the Dixie, but he says the last of such work was done 25 years ago, if not more. It is not claimed that any

work has been done since.   Several witnesses for the defendants, some well along in years, testified there never was a road south of the Dixie, never tracks of wagons or buggies, and no evidence that the Meldrum road ever extended down to the lake.

The chancellor found, from his view of the premises, that the land south of the Dixie, claimed by plaintiffs to be a part of the Meldrum road, was well covered with sod; that defendant Meldrum and another had filled in a drain from 4 to 6 feet deep, and installed an 18-inch sewer crock; that the land sloped to the south and rapidly dropped the last 10 feet, being practically impassable; that the total drop was about 8 feet, and that across the entire front or foot of the land was a solid stone and concrete breakwater; that within the line of the claimed road defendant Meldrum had placed two rows of piles several hundred feet out into the lake; that the entire parcel, including the sod, well, trees, embankment and breakwater, indicated that it had been given care for its preservation for a considerable period of time; that there was no evidence of public travel or user as a highway.   His conclusion of fact was:   "That public officials of Ira township have completely abandoned the parcel in question continuously since the year 1870."   If this conclusion is warranted by law and the facts in the case, plaintiffs have no right in the disputed piece of land.   We think it is warranted.

The record discloses that Meldrum and his father preceding him, as owners of lake shore property, must have expended large amounts on this disputed strip, and that they have long preserved it from being entirely washed away.   Township officers for years have known of and permitted without objection the exercise of full rights of ownership by the Meldrums, even to the planting of trees and the digging of a well from whence they piped water into their home for

domestic use.   From the record we are convinced that there has never been serious claim that this land was a part of the road.   But if ever a road, it has been voluntarily abandoned, and the township is estopped from now claiming it as such.   13 R. C. L. p. 65; 29 C. J. p. 535, note 22; *Lyle* v. *Lesia*, 64 Mich. 16.

Unquestionably, highways or portions of highways may be discontinued by nonuser.   *Gregory* v. *Knight*, 50 Mich. 61; *Coleman* v. *Railroad Co.*, 64 Mich. 160; *Smith* v. *State Highway Commissioner*, 227 Mich. 286.   We have therefore reviewed with care the testimony of plaintiffs which they claim sustains their position that this road has never been so abandoned, but we are convinced that the contrary has been established by a clear preponderance of the proof.   See *Village of Grosse Pointe Shores* v. *Holmes*, 196 Mich. 183.   The chancellor was right in his conclusion of fact that the parcel of land in question had been abandoned as a road "continuously since the year 1870."

The decree is therefore affirmed, with costs to appellees.

SHARPE, C. J., and BIRD, STEERE, FELLOWS, WIEST, CLARK, and McDONALD, JJ., concurred.