GARDENS OF REST, INCORPORATED, v. UPPER MICHIGAN POWER & LIGHT COMPANY.

1. INJUNCTION—PARTIES—POWER LINE—HIGHWAYS AND STREETS.
   In suit by cemetery company to restrain defendant power company from erecting high-tension power line along the line of an old highway across lands claimed to be owned by plaintiff, the sole question for determination is whether or not such power line may be erected by such defendant, where it is the only defendant in the case, no concern with the right of the general public as to the use of the road being involved herein.

REFERENCES FOR POINTS IN HEADNOTES
[1] 10 Am. Jur., Cemeteries, § 39.
[2] 25 Am. Jur., Highways, §§ 112, 127.
[2] Alteration or relocation of street or highway as abandonment or vacation of parts not included.  158 A.L.R. 543.
[3] 17 Am. Jur., Easements, §§ 130–132.

2. Highways and Streets—Abandonment—Nonuse.

   A highway may cease to be such by voluntary abandonment and nonuse.

3. Same—License to Power Company—Notice.

   In injunction suit where it appears that highway had been built along section line some 40 years ago and was extensively used until 1931 when pavement on nearby roads took most of the travel away, but the grade of the roadway remains visible where not disturbed and that defendant had been granted a written unrevoked license to build power lines on township highways, which had been renewed in 1938 by vote of the electors, plaintiff cemetery was put upon inquiry to ascertain the condition of the property it was buying and cannot assert lack of notice of rights granted and openly and notoriously exercised by defendant.

4. Injunction—Laches—Estoppel—Use of Highways.

   Defendant power company *held,* not guilty of laches or estoppel in its use of old highway lying across land purchased by cemetery company after traffic on such gravel road had largely been taken over by nearby paved highways so as to preclude assertion, in cemetery company's suit to enjoin erection of high-tension power line, of defendant's vested right to use of the road pursuant to written license of township board by way of erection of high-tension power line on easterly side of road where it had previously erected and maintained power line on westerly side of road.

Appeal from Delta; Bell (Frank A.), J. Submitted June 16, 1948. (Docket No. 40, Calendar No. 44,107.) Decided September 8, 1948.

Bill by Gardens of Rest, Incorporated, a Michigan corporation, against Upper Michigan Power & Light Company, a Michigan corporation, to restrain construction of a power line across plaintiff's cemetery. Bill dismissed. Plaintiff appeals. Affirmed.

*Yelland & Yelland,* for plaintiff.

*McGinn & Fitzharris,* for defendant.

REID, J.   Plaintiff cemetery company filed the bill of complaint in this case for an injunction to restrain defendant power company from constructing or maintaining a power line along the line of an old highway across lands claimed to be owned by plaintiff.   Defendant claims an easement or franchise as upon a highway.   From a decree dismissing the bill, plaintiff appeals.

Defendant power company has a power line along the westerly side of the old roadway in question and began surveying to establish an additional line, with high-tension wires, along the easterly side of the old roadway.   Plaintiff claims that the old highway has become lost to the public by nonuse.   Inasmuch as the defendant power company is the only party defendant in this case, we are concerned only with the question of whether defendant power company has the right to do what it intends to do as to its power line.   It is important to determine the status of the roadway at the time of the granting to defendant's predecessor of its franchise in 1907 and a renewal thereof to defendant in 1938.   We are not concerned with the right of the public in general as to the use of the road at the present time.

Plaintiff claims that in 1939 and 1940, when the persons interested in organizing the cemetery company and developing the project for the cemetery in question looked the property over, that the old road had been abandoned, was grown up to weeds and sumac and was not distinguishable, and that evidently the road had not been used for some years.

Defendant's witness McNabb, a surveyor, testified that he had lived in Escanaba since 1901 or 1902, and that the road in question had been along the section line for over 45 years. The highway was known as the "Old State road" and it is on the range line and the section line, and is visible.   McNabb

testified that the screenings and pebbles from building stone at Flat Rock were used in building the road in question.

A highway may cease to be such by voluntary abandonment and nonuse (See *Meyer* v. *Meldrum,* 237 Mich. 318), but we are satisfied there never has been a voluntary abandonment and nonuse of the old highway in the case at bar.

We are satisfied with the substantial accuracy of the following finding by the trial judge:

"More than 40 years ago a highway was built along this section line. It extended from the northerly limits of the city of Escanaba to points north of the plaintiff's cemetery plat. It was the main way of travel from the city to the north. It was extensively used for years. Observation on the ground shows that at some time the roadway was graded and gravelled. In the year 1931 highway US-2 was completed. It adjoins the cemetery on the west. Some time earlier county road 426, which adjoins the cemetery on the east, was improved. These are paved roads and took travel away from the section line road. Plaintiff claims that was entirely abandoned and could not be seen where it went through what is now the cemetery. Defendant claims that it was used by it for use in inspection and repair of its transmission line and put to some use by the general public at all times. Examination by the court discloses that outside the cemetery plat, where it has not been disturbed, the old grade is clearly to be seen; that to the south of it is somewhat overgrown with grass and weeds but with two distinct paths appearing to be largely used for foot paths, the width of auto * * * [tracks] apart and with some wheel marks therein, extending from the old hangar of a former airport, now used as a factory, adjoining plaintiff's south line and extending to the south towards the city limits. To the north a short distance it is well traveled to connect a crossroad with the county road. Inside the cem-

etery where the improvements  *  *  *  [are] made the old road has become part of the cemetery system of driveways about 20 feet wide.  Since its occupation of the premises the plaintiff has built and now maintains permanent barriers at both the north and south boundaries of its premises, without objection by anyone.  These are across the old road and prevent travel through the cemetery.

"In the year 1908 [1907] defendant [apparently defendant's predecessor] was granted a written license by the then township board to build, maintain and operate its power lines on the township highways.  It then built the line along the section line and has ever since operated and maintained it.  The license to use the highways has never been revoked, nor has there been any formal action by the public authorities looking to the abandonment of the highway.  On the contrary the license was renewed in the year 1938 by a vote of the electors."

The trial court in his opinion further found that plaintiff was put upon inquiry to ascertain the condition and status of the property it was buying, at its own risk.  Having purchased under those circumstances, it cannot now assert lack of notice of the rights granted to the power company by public authorities and openly and notoriously exercised by the power company.

The trial court rightfully found as a matter of fact that the road was established as a public highway and has never been abandoned.

The franchise granted to defendant company (or its predecessor) gave defendant the right to the use of the highway for construction and maintenance of its power lines, subject only to the public's reasonable control of the use of the road, which right of the defendant has not expired.  Defendant's vested right is not subject to being abridged by plaintiff.

The record does not disclose sufficient facts to

justify the application of the rule of laches or of estoppel as to defendant.

The trial judge concluded that the defendant has a right to maintain its present power line on the westerly side of the old road, which finding we affirm. The trial judge also determined that defendant under its franchise has the right to construct its contemplated high-tension power line on the easterly side of the old roadway, which we also affirm.

The decree appealed from is affirmed. Costs to defendant.

Bushnell, C. J., and Sharpe, Boyles, North, Dethmers, Butzel, and Carr, JJ., concurred.