*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

MICHAEL WOLF and ANDREA WOLF, as
successors in interest of WAYNE ROBERTS and
HELEN ROBERTS,

UNPUBLISHED
August 25, 2022

Plaintiffs-Appellees,

v

No. 355746
Kalkaska Circuit Court
LC No. 19-013121-CH

KALKASKA COUNTY ROAD COMMISSION,

Defendant-Appellant.

Before: RICK, P.J., and BOONSTRA and O'BRIEN, JJ.

PER CURIAM.

In this quiet-title action, defendant, Kalkaska County Road Commission, appeals by leave granted[1] the trial court's opinion and order granting partial summary disposition to plaintiffs, Michael Wolf and Andrea Wolf,[2] under MCR 2.116(C)(9) and denying defendant's motion for summary disposition under MCR 2.116(C)(7). At issue in this appeal is the ongoing viability of the doctrine of common-law abandonment as applied to roads under the jurisdiction of county road commissions. Defendant argues that the Legislature abrogated the common-law doctrine as

---

[1] A panel of this Court originally denied defendant's application for leave to appeal, *Roberts v Kalkaska County Road Commission*, unpublished order of the Court of Appeals, issued April 7, 2021 (Docket No. 355746), but our Supreme Court remanded the case for consideration as on leave granted, *Roberts v Kalkaska County Road Commission*, ___ Mich ___ (2021) (Docket No. 163005).

[2] The original plaintiffs in this case were Wayne Roberts and Helen Roberts, but they sold the at-issue property while this case was pending on appeal, then filed a motion to substitute the new owners—the Wolfs—as plaintiffs. This Court granted that motion in an order issued concurrent with this opinion. For simplicity, this opinion will use "plaintiffs" when discussing the underlying litigation, even if the Roberts—and not the Wolfs—technically performed the action in the case.

-1-

applied to county road commissions in either or both MCL 600.5821 and MCL 224.18. We disagree and affirm.

## I. BACKGROUND

The underlying facts in this case are undisputed. In 2017, Wayne Roberts and Helen Roberts bought property in Oliver Township, which is part of Kalkaska County. A public roadway known as Old Railroad 16 runs through the property. Old Railroad 16 was originally owned by Oliver Township, who transferred it to defendant in 1936 pursuant to the McNitt Act, MCL 247.651 *et seq*. Defendant decertified the road in 1970, and has since never maintained or repaired the road. At some point before the Roberts bought the property, a previous owner erected a fence and gate across Old Railroad 16.

After a dispute around Old Railroad 16 arose between the Roberts and defendant, plaintiffs filed this action for quiet title to the portion of Old Railroad 16 running through the subject property under a theory of common-law abandonment. As relevant to this appeal, defendant answered that plaintiffs were statutorily barred from acquiring title to part of Old Railroad 16 through common-law abandonment under MCL 600.5821 and MCL 224.18.

Thereafter, plaintiffs moved for partial summary disposition under MCR 2.116(C)(9), asking the court to issue a declaratory judgment on whether common-law abandonment remained "a viable legal theory" in light of defendant's arguments that "it had been abrogated by either or both" MCL 600.5821 and MCL 224.18. Plaintiffs argued in their brief that neither statute abrogated the doctrine of common-law abandonment, and defendant argued in response that they did. According to defendant, MCL 600.5821 abrogated the doctrine of common-law abandonment because the clear intent of the Legislature in that statute was "to prohibit claims asserting forfeiture of the public's interest in a public road under a county road commission's jurisdiction . . . ." Defendant also argued that the Legislature abrogated the doctrine of common-law abandonment in MCL 224.18 by making that statute the exclusive means by which a county road commission could abandon a public road.

Defendant also filed its own motion for summary disposition under MCR 2.116(C)(7), in which, as relevant to this appeal, defendant reiterated its argument that common-law abandonment was abrogated by MCL 600.5821 and MCL 224.118. Plaintiffs responded by reciting their arguments that those statutes did not abrogate the common-law doctrine.

In a written opinion and order, the trial court ruled that common-law abandonment remained a viable legal theory, reasoning that neither statute relied on by defendant had language to suggest that the Legislature intended to abrogate the doctrine of common-law abandonment. For MCL 600.5821, the trial court noted that the Legislature in that statute barred certain claims against county road commissions but did not include common-law abandonment in the list of barred claims, suggesting that it was not the Legislature's intent to bar such a claim. For MCL 224.18, the trial court pointed out that this Court in *Ambs v Kalamazoo Cnty Rd Comm*, 255 Mich App 637; 662 NW2d 424 (2003), had previously held that MCL 224.18 was not the exclusive means by which a county road commission could abandon a public road. The trial court recognized that the version of MCL 224.18 analyzed in *Ambs* had since been amended, but concluded that the statute still did not bar claims of common-law abandonment because "[w]hat was missing from

-2-

the version of the statute applied by the *Ambs* court is still missing from the language of the statute before this [c]ourt"—that "MCL 224.18 expressly provide[] that adherence to the statutory procedures was the *only* means of abandonment . . . ." Accordingly, the trial court granted plaintiffs' motion for partial summary disposition and denied defendant's opposing motion.

This appeal followed.

## II. STANDARD OF REVIEW

This case comes before this Court following the trial court's ruling on a motion for summary disposition, and such decisions are reviewed de novo. *Michigan Assn of Home Builders v City of Troy*, 504 Mich 204, 211; 934 NW2d 713 (2019). The central question raised on appeal concerns whether the Legislature abrogated the doctrine of common-law abandonment in either MCL 600.5821 or MCL 224.18, which is a question of law, reviewed de novo. *Dept of Agric v Appletree Mktg, LLC*, 485 Mich 1, 7; 779 NW2d 237 (2010).

## III. ANALYSIS

At issue in this case is the ongoing viability of the doctrine of common-law abandonment as applied to public roads under the jurisdiction of county road commissions. It is well established in Michigan common law that "[a] highway may cease to be such by voluntary abandonment and non-use[.]" *Gardens of Rest v Upper Mich Power & Light Co*, 322 Mich 153, 156; 33 NW2d 741 (1948). See also *Meyer v Meldrum*, 237 Mich 318, 322; 211 NW 658 (1927). "To prove such abandonment, both an intent to relinquish the property and external acts putting that intention into effect must be shown by the party asserting abandonment." *Ambs*, 255 Mich App at 652.

On appeal, defendant argues that the Legislature has abrogated this common-law doctrine by barring claims for common-law abandonment in either MCL 600.5821 or MCL 224.18. To make this determination, this Court must interpret the statutes. Our Supreme Court recently reiterated the principles that are to guide courts in this state when interpreting statutes:

> The role of this Court in interpreting statutory language is to ascertain the legislative intent that may reasonably be inferred from the words in a statute. The focus of our analysis must be the statute's express language, which offers the most reliable evidence of the Legislature's intent. When the statutory language is clear and unambiguous, judicial construction is limited to enforcement of the statute as written. [*Sanford v State*, 506 Mich 10, 14-15; 954 NW2d 82 (2020) (quotation marks and citations omitted).]

Our Supreme Court has also recently repeated the standard courts in this state should utilize when ascertaining whether the Legislature abrogated a common-law doctrine:

> "The common law remains in force until 'changed, amended or repealed.' " The Legislature may alter or abrogate the common law through its legislative authority. Yet the mere existence of a statute does not necessarily mean that the Legislature has exercised this authority. We presume that the Legislature "know[s] of the existence of the common law when it acts." Therefore, we have stated that "[w]e will not lightly presume that the Legislature has abrogated the common law" and

that "the Legislature should speak in no uncertain terms when it exercises its authority to modify the common law." As with other issues of statutory interpretation, the overriding question is whether the Legislature intended to abrogate the common law. [*Murphy v Inman*, ___ Mich ___, ___; ___ NW2d ___ (2022) (Docket No. 161454); slip op at 16-17 (footnotes and citations omitted).]

## A. MCL 600.5821

First addressing defendant's argument related to MCL 600.5821, that statute provides in relevant part:

> (2) In an action involving the recovery or the possession of land, including a public highway, street, alley, easement, or other public ground, a municipal corporation, political subdivision of this state, or county road commission is not subject to any of the following:

> (a) The periods of limitations under this act.

> (b) Laches.

> (c) A claim for adverse possession, acquiescence for the statutory period, or a prescriptive easement.

## 1. MCL 600.5821(2)(C)

Defendant first argues that the Legislature barred claims for common-law abandonment against governmental entities in MCL 600.5821(2)(c) by stating that those entities are not subject to claims for adverse possession, acquiescence for the statutory period, or prescriptive easement. However, the clear and unambiguous language of MCL 600.5821(2)(c) lists only claims for "adverse possession, acquiescence for the statutory period, or a prescriptive easement," not common-law abandonment. This plainly suggests that the Legislature did not intend to include claims for common-law abandonment in the list of claims barred by MCL 600.5821(2)(c). See *Dawley v Hall*, 501 Mich 166, 170; 905 NW2d 863 (2018) (applying the maxim *expressio unius est exclusio alterius*—the expression of one thing is the exclusion of another).

Moreover, as explained, "the Legislature should speak in no uncertain terms when it exercises its authority to modify the common law." *Murphy*, ___ Mich at ___; slip op at 17 (quotation marks and citation omitted). By barring certain claims in actions against county road commissions and omitting common-law abandonment from the list of barred claims, it cannot be said that the Legislature clearly intended to abrogate that common-law doctrine.

This conclusion is further buttressed by the fact that this Court has recognized the claim of common-law abandonment in recent years such as in *Ambs*, and the doctrine was well established in this state's jurisprudence long before then. See, e.g., *Meyer*, 237 Mich 318. As the Legislature is presumed to be aware of the common law when it passes a statute, *Murphy*, ___ Mich at ___; slip op at 17, it was presumably aware of *Ambs* and the line of cases recognizing a claim for common-law abandonment when it passed the current version of MCL 600.5821 in 2016. See

2016 PA 52. With this in mind, the Legislature's failure to add common-law abandonment to the list of claims barred by MCL 600.5821(2)(c) can be seen as deliberate, precluding the conclusion that the Legislature intended to abrogate the doctrine of common-law abandonment in that statute.

Defendant counters that, despite common-law abandonment not being listed in MCL 600.5821(2)(c), such a claim is still barred "because the key elements of a common law abandonment claim—adverse possession through acts depicting dominion and control and acquiescence by the Road Commission—are now barred pursuant to MCL 600.5821." In other words, defendant contends that by immunizing governmental entities from claims of adverse possession and acquiescence, the Legislature intended to bar potential plaintiffs from relying on facts that could underlie such claims. The problem with this argument is that it is simply not supported by the text of the statute. The text precludes plaintiffs from asserting certain claims against governmental entities, not from relying on certain facts. If the Legislature's intent was to preclude potential plaintiffs from relying on certain facts, it could have easily written the statute in a way to effectuate that intent.

In arguing otherwise, defendant reviews the facts from cases involving common-law abandonment, and contends that those facts would also support claims for adverse possession and acquiescence. Such an argument, however, ignores the reality that a fact (or several facts) may support more than one legal theory. The facts in the cases cited to by defendant, such as *Meyer*, 237 Mich at 320-322, were relied upon to determine whether there was an intent to abandon the property and external acts or circumstances putting that intention into effect, i.e., whether there was a common-law abandonment. See, e.g., *Ambs*, 255 Mich App at 656-657 (explaining that *Meyer* Court's heavy reliance on "the fact that a number of obstructions, such as trees, a dike, and an elevated rail system, had been placed on the right-of-way claimed to be established for public use" and "the defendant township's knowledge of the placement of these obstructions" was cited "as evidence of the township's intent to abandon public use of the right of way"). That a fact (or several facts) may support more than one legal theory does not intertwine the theories such that a bar of one theory is necessarily a bar of the other, and defendant's argument to that effect is unpersuasive.[3]

## 2. MCL 600.5821(2)(A) AND (B)

Defendant next argues that the Legislature immunized governmental entities, including county road commissions, from claims of common law abandonment in MCL 600.5821(2)(a) and (b). According to defendant, "[t]he passage of time is also a necessary element of a common law abandonment claim," but pursuant to MCL 600.5821(2)(a) and (b), defendant "is not subject to

---

[3] To any extent that defendant's argument could be interpreted as suggesting that the "elements" for common-law abandonment are "adverse possession" and/or "acquiescence," such a suggestion finds absolutely no support in caselaw. Indeed, it would be nonsensical for the "elements" of a quiet title action to be claims that would, each themselves, establish entitlement to quiet title.

any limitations period, either in statute or equity," meaning that a claim for common-law abandonment is necessarily barred.[4] We disagree. Again, MCL 600.5821(2)(a) and (b) provide:

> (2) In an action involving the recovery or the possession of land . . . [a] county road commission is not subject to any of the following:

> (a) The periods of limitations under this act.

> (b) Laches.

A plain reading of MCL 600.5821(2)(a) and (b) suggests that those subsections only apply when the governmental entity is the plaintiff. The statute states that the *governmental entity* "is not subject to . . . [t]he periods of limitations" or "laches." This means that, in an action brought by the governmental entities, *those entities* would not be "subject to" a statute of limitations or laches. This is supported by the fact that it is the plaintiff in a quiet title action that generally must establish (i.e., that is "subject to") the requisite statutory period, suggesting that MCL 600.5821(2)(a) applies when a governmental entity is asserting its right to land, not when it is defending its right to land. Similarly, laches is generally an affirmative defense that a plaintiff is "subject to" when they sleep on their rights, see *Knight v Northpointe Bank*, 300 Mich App 109, 114-115; 832 NW2d 439 (2013) (explaining the doctrine of laches), suggesting that MCL 600.5821(2)(b) applies when a governmental entity is asserting a quiet title claim, not when it is defending one.

This conclusion is further supported by reading MCL 600.5821(2)(a) and (b) in conjunction with subsection (1). That subsection provides in relevant part, "An action for the recovery of any land to which this state is a party is not subject to the periods of limitations, or laches." MCL 600.5821(1). Unlike MCL 600.5821(2) in which *governmental entities* are "not subject to . . . periods of limitations" or laches in actions for the recovery of land, subsection (1) states that the *actions* for the recovery of land themselves are "not subject to the periods of limitations, or laches." This Court has routinely interpreted MCL 600.5821(1) as immunizing the state against claims of quiet title because, in such *actions*, the periods of limitation can no longer run. See *Gorte v Dept of Transportation*, 202 Mich App 161, 167; 507 NW2d 797 (1993); *Goodall v Whitefish Hunting Club*, 208 Mich App 642, 647; 528 NW2d 221 (1995); *Higgins Lake Prop Owners Ass'n v Gerrish Twp*, 255 Mich App 83, 118; 662 NW2d 387 (2003); *Matthews v Natural Res Dep't*, 288 Mich App 23, 36; 792 NW2d 40 (2010).[5] That MCL 600.5821(2)(a) and (b) applies to the governmental

---

[4] Plaintiffs argue that this argument was not sufficiently raised in the court below and should be considered unpreserved. While not as fully developed below as it is on appeal, defendant indeed raised this argument below, and it is therefore preserved. Regardless, even if unpreserved, we would exercise our discretion to address the issue "because it concerns a legal question and all of the facts necessary for its resolution are present." *Dell v Citizens Ins Co of Am*, 312 Mich App 734, 751 n 40; 880 NW2d 280 (2015)

[5] MCL 600.5821(1) was amended by 2016 PA 52, but the changes were for clarity and did not affect the pertinent language. Before the amendment, MCL 600.5821(1) read in pertinent part,

entity while subsection (1) applies to the action itself suggests a different result, i.e., that MCL 600.5821(2) does not apply to all quiet title *actions* to which the governmental entity is a party, but rather to *the governmental entity* when it pursues the relevant actions.

That these sections were intended to have differing meanings is further supported by reviewing the changes made to MCL 600.5821(2) in 2016 PA 52. Before that amendment, MCL 600.5821 read in pertinent part:

> (1) Actions for the recovery of any land where the state is a party are not subject to the periods of limitations, or laches. . . .
>
> (2) Actions brought by any municipal corporations for the recovery of the possession of any public highway, street, alley, or any other public ground are not subject to the periods of limitations. [MCL 600.5821(1) and (2) as amended by 1988 PA 35.]

As previously explained, this Court routinely interpreted subsection (1) as barring quiet title claims against the state. See *Gorte*, 202 Mich App at 167; *Goodall*, 208 Mich App at 647; *Higgins Lake*, 255 Mich App at 118; *Matthews*, 288 Mich App at 36. As for subsection (2), this Court interpreted it as immunizing municipal corporations from quiet title claims only in actions "brought by" the municipal corporation because that was what the statute plainly stated. See *Waisanen v Superior Twp*, 305 Mich App 719, 729; 854 NW2d 213 (2014), superseded by amendment to MCL 600.5821 ("Therefore, we hold that MCL 600.5821(2) does not bar claims for either adverse possession or acquiescence unless they occur in an action brought by a municipal corporation for recovery of possession of the property."); *Mason v City of Menominee*, 282 Mich App 525, 529; 766 NW2d 888 (2009), superseded by amendment to MCL 600.5821. In response to *Waisanen* and *Mason*, the Legislature amended MCL 600.5821(2) in 2016 PA 52. The Legislature is presumed to have known about this Court's interpretation of MCL 600.5821(1) as barring quiet title claims against the state, yet rather than amend MCL 600.5821(2) to mirror the language of subsection (1),[6] it crafted subsection (2) in a different manner. From this, it is reasonable to conclude that the Legislature intended MCL 600.5821(2)(a) and (b) to be interpreted differently from subsection (1).

Finally, the most significant problem with defendant's alternative interpretation of MCL 600.5821(2)(a) and (b) as barring all actions for possession or recovery of land that require statutory periods to establish is that it would render subsection (c) surplusage. "Every word of a statute should be given meaning and no word should be treated as surplusage or rendered nugatory if at all possible." *Baker v Gen Motors Corp*, 409 Mich 639, 665; 297 NW2d 387 (1980). MCL

---

"Actions for the recovery of any land where the state is a party are not subject to the periods of limitations, or laches." MCL 600.5821(1), as amended by 1988 PA 35.

[6] For instance, the Legislature could have amended subsection (2) to state, "An action for the recovery of any land, including a public highway, street, alley, easement, or other public ground, to which a municipal corporation, political subdivision of this state, or county road commission is a party is not subject to the periods of limitations, or laches."

600.5821(2)(c) provides that certain governmental entities are not subject to claims "for adverse possession, acquiescence for the statutory period, or a prescriptive easement." MCL 600.5821(2)(c). Each of these claims requires the passage of time to establish. See *Walters v Snyder*, 225 Mich App 219, 223-224; 570 NW2d 301 (1997) (explaining that claims for adverse possession and acquiescence both require a "statutory period of fifteen years"); *Marlette Auto Wash, LLC v Van Dyke SC Properties, LLC*, 501 Mich 192, 195; 912 NW2d 161 (2018) (explaining that there is a "15-year period of limitations" for prescriptive easements). As such, if this Court were to accept defendant's proffered interpretation of MCL 600.5821(2)(a) and (b), then those subsections would already bar claims for adverse possession, acquiesce, and prescriptive easement, making the Legislature's listing of those claims in subsection (c) surplusage. Thus, not only is our interpretation of MCL 600.5821(2)(a) and (b) supported by the plain language of the statute, but it is preferable to defendant's because it does not render any part of the statute surplusage. See *Baker*, 409 Mich at 665.

For these reasons, we reject defendant's argument that the Legislature intended to abrogate the doctrine of common-law abandonment in MCL 600.5821(2)(a) and (b).

### 3. PLAINTIFFS' FAILURE TO STATE A CLAIM

Defendant persists that even if MCL 600.5821 does not immunize defendant from a claim for common-law abandonment, plaintiffs' claim still fails because theirs is actually a claim for adverse possession or acquiescence, which is explicitly barred by MCL 600.5821(2)(c). Reading plaintiffs' complaint, however, it is obvious that this argument lacks merit. Plaintiffs' complaint clearly lays out a set of facts from which, if proven true, a reasonable factfinder could conclude that plaintiffs established a claim for common-law abandonment. Similar to its argument related to MCL 600.5821(2)(c), defendant argues that if one fact could be used to support a claim for adverse possession or acquiescence, then that fact cannot be relied upon to establish a claim for common-law abandonment. This argument is unpersuasive because, of course, a fact can support more than one legal theory; that plaintiffs rely on facts that could be used along with other facts to establish other claims does not mean that plaintiffs are necessarily making those other claims. Accordingly, defendant's argument to this effect is unpersuasive.[7]

---

[7] To the extent defendant argues that MCL 247.190 bars plaintiffs from referencing the fact that there were encroachments on the disputed public right-of-way, that statute does not in any way suggest that plaintiffs cannot rely on encroachments to establish that defendant abandoned the right-of way. The statute states only that encroachments cannot give a party any right or title, and plaintiffs here are not making such an assertion. See MCL 247.190 ("All public highways for which the right of way has at any time been dedicated, given or purchased, shall be and remain a highway of the width so dedicated, given or purchased, and *no encroachments* by fences, buildings or otherwise which may have been made since the purchase, dedication or gift nor any encroachments which were within the limits of such right of way at the time of such purchase, dedication or gift, and no encroachments which may hereafter be made, *shall give the party* or parties, firm or corporation so encroaching, *any title or right to the land so encroached upon*.") (Emphasis added.)

-8-

B.  MCL 224.18

Defendant alternatively argues that the Legislature abrogated the doctrine of common-law abandonment by making MCL 224.18 the exclusive means by which a county road commission can abandon a public right-of-way.

MCL 224.18 provides in relevant part:

(3) The board of county road commissioners of any county that has adopted the county road system, at any time, may either relinquish jurisdiction of or absolutely abandon and discontinue any county road, or any part of a county road, by a resolution adopted by a majority vote.  The vote of the county road commissioners in respect to either relinquishment of jurisdiction or absolute abandonment and discontinuance shall be taken and entered, and notice given, in the same manner as required in this section in cases in which county roads are adopted.  After proceedings to relinquish jurisdiction have been had, the jurisdiction and control of the road, or part of the road, except as otherwise provided in this section, shall revert to the municipality within which the road is situated, and the county shall be relieved of the responsibility for the road.  After proceedings to abandon absolutely and discontinue, the road or part of the road shall cease to exist as a public highway unless the unit of government that acquires the property or control of the property permits use as a public highway.  Subject to subsection (8), the board, at the time of the passage of a resolution to abandon absolutely and discontinue any portion of a highway under its jurisdiction, shall determine in the resolution that it is in the best interests of the public that the highway or portion of the highway be absolutely abandoned and discontinued.  The board shall cause a true copy of every resolution or other proceeding containing an accurate description of the lands comprising the highway or portion of the highway that has been absolutely abandoned and discontinued to be recorded in the office of the register of deeds for the county where the lands are situated.

(4) The board of county road commissioners shall not absolutely abandon and discontinue any highway, or part of a highway, except as provided in this section, upon the written petition of 7 or more freeholders of the township in which the road is sought to be absolutely abandoned and discontinued.  The petition for absolutely abandoning and discontinuing a highway shall describe the road in general terms or by any name by which it is known, and if the absolute abandonment and discontinuance of only a portion of a road is asked for, that portion shall be specified.  The petition shall be accompanied by a true and correct list of the names and mailing addresses of the occupants of each parcel of land abutting the highway, or portion of the highway, sought to be absolutely abandoned and discontinued, which list shall be certified to under oath by 1 of the persons making or presenting the petition.

This Court in *Ambs* addressed the same question that defendant raises on appeal— "[w]hether the procedures set forth in MCL 224.18 provide the exclusive means by which" a

county road commission can abandon a public right-of-way. *Ambs*, 255 Mich App at 643. *Ambs*, however, was addressing an earlier version of MCL 224.18(3), which provided in relevant part:

> The board of county road commissioners of any county which has adopted the county road system is hereby authorized and empowered to, at any time, either relinquish jurisdiction of or absolutely abandon and discontinue any county road, or any part thereof, by a resolution adopted by majority vote. The vote of the county road commissioners in respect to either such relinquishment of jurisdiction or absolute abandonment and discontinuance shall be taken and entered, and notice thereof be given, in the same manner as required in this section, in cases in which county roads are adopted. . . . Said board shall, at the time of the passage of any resolution to absolutely abandon and discontinue any portion of any highway under its jurisdiction, determine in said resolution that it is to the best interests of the public that said highway or portion thereof shall be absolutely abandoned and discontinued. Said board shall cause a true copy of every resolution or other proceeding, containing an accurate description of the lands comprising the highway or portion thereof which has been absolutely abandoned and discontinued thereby, to be recorded in the office of the register of deeds for the county wherein the lands are situated. . . . [MCL 224.18, as amended by 1952 PA 96.]

In rejecting the argument that this version of MCL 224.18 provided the exclusive means by which a county road commission could abandon a public right-of-way, the *Ambs* Court explained that such an argument

> reads too much into the plain language of the statute. Although the statute "authorized" and "empowered" a board of county road commissioners to absolutely abandon any county road by resolution adopted by majority vote, nothing in the plain language of the text required such a vote, and it is only upon such vote and resolution that the remaining procedures, i.e., notice, recording, and a determination that abandonment is in the best interests of the public, were required. [*Ambs*, 255 Mich App at 645.]

The version of MCL 224.18 that the *Ambs* Court analyzed has since been amended by 1996 PA 218 and 2000 PA 342. Despite these amendments, the meaning of the pertinent language in MCL 224.18(3) remains largely unchanged. For that reason, to the extent that defendant argues that MCL 224.18 is the exclusive means by which a county road commission could abandon a public right-of-way on the basis of MCL 224.18(3), the *Ambs* Court's reasoning controls.

That said, the holding in *Ambs* does not wholly control the fate of defendant's argument. Defendant's argument that MCL 224.18 is the exclusive means by which a county road commission could abandon a public right-of-way does not rely exclusively on MCL 224.18(3), but rests largely on the current version of MCL 224.18(4). When *Ambs* was decided, subsection (4) only applied to roads along which a building was located. See *Ambs*, 255 Mich App at 644 n 8. After the 1996 and 2000 amendments, MCL 224.18(4) now provides in relevant part:

> The board of county road commissioners shall not absolutely abandon and discontinue any highway, or part of a highway, except as provided in this section,

upon the written petition of 7 or more freeholders of the township in which the road is sought to be absolutely abandoned and discontinued.

It appears defendant is suggesting that this Court read this section to mean that the board of county road commissioners cannot abandon any highway or part of a highway except as provided in MCL 224.18. This interpretation is strained, however, because it ignores the second part of the sentence. A better interpretation of this sentence is that the board of county road commissioners can only abandon a highway or part of a highway as provided in MCL 224.18 upon the written petition of 7 or more freeholders of the township. This interpretation gives effect to the entire sentence rather than selectively applying the first part of the sentence and ignoring the second.

Moreover, to any extent that both our interpretation and defendant's interpretation could be considered reasonable, courts "will not lightly presume that the Legislature has abrogated the common law," so "the Legislature should speak in no uncertain terms when it exercises its authority to modify the common law." *Murphy*, ___ Mich at ___; slip op at 17 (quotation marks and citation omitted). Following this principle, if there are two reasonable interpretations of MCL 224.18—one that would modify the common law and one that would not—it cannot be said that the Legislature spoke "in no uncertain terms," and so this Court should favor the interpretation in which the Legislature did not modify the common law, which is the one we adopt.

Defendant responds that such an interpretation runs counter to this Court's opinion in *Huron Mountain Club v Marquette Cnty. Rd Comm*, 303 Mich App 312, 324; 845 NW2d 523 (2013), particularly this Court's statement that "[t]he first sentence of MCL 224.18(4) is clear and unambiguous: a road commission may abandon a highway only when a petition has been submitted by at least seven freeholders of the township." When read in isolation, this sentence would seem to support defendant's position. Yet a simple reading of *Huron Mountain Club* makes clear that it never addressed the issue raised by defendant here. *Huron Mountain Club* concerned whether an abandonment petition initiated pursuant to MCL 224.18(4) needed to be signed by seven or more freeholders; this Court held that it did, and that the plaintiff's petition which failed to meet this requirement was "fatally defective." *Huron Mountain Club*, 303 Mich App at 328. The sentence of *Huron Mountain Club* that defendant relies on remains true in the context of abandonment petitions initiated pursuant to MCL 224.18(4), but offers no guidance on whether MCL 224.18 provides the exclusive means by which a county road commission can abandon a public highway, which is the question at issue in this case.

Defendant more generally argues that the "comprehensive statutory scheme" of MCL 224.18 as a whole requires a conclusion that it is the only method by which a county road commission can abandon a public right-of-way, such that plaintiffs are precluded from raising a claim for common-law abandonment. This argument ignores that "it is well established that 'statutes in derogation of the common law must be strictly construed, and will not be extended by implication to abrogate established rules of common law.' " *Ambs*, 255 Mich App at 649, quoting *Rusinek v Schultz, Snyder & Steele Lumber Co*, 411 Mich 502, 507-508; 309 NW2d 163 (1981). For the reasons explained, defendant has pointed to nothing in the text of MCL 224.18 from which this Court can reasonably conclude that the Legislature intended to abrogate the doctrine of common-law abandonment in MCL 224.18. Thus, this part of defendant's argument boils down

to asking this Court to extend MCL 224.18 to implicitly do what it fails to do explicitly—abrogate the doctrine of common-law abandonment. We reject such a request.

For these reasons, we reject defendant's argument that MCL 224.18 is the exclusive means by which a county road commission can abandon a public highway, thereby abrogating the doctrine of common-law abandonment.

## III. CONCLUSION

Nothing in either MCL 600.5821 or MCL 224.18 supports that the Legislature clearly intended to abrogate the doctrine of common-law abandonment in those statutes. Accordingly, the doctrine remains a viable legal theory, and plaintiffs' claim can proceed.

Affirmed.

/s/ Michelle M. Rick
/s/ Mark T. Boonstra
/s/ Colleen A. O'Brien