BALLARD v DEPARTMENT OF CORRECTIONS

Docket No. 58709. Submitted November 3, 1982, at Grand Rapids.—
Decided December 20, 1982. Leave to appeal applied for.

Christopher T. Ballard, a prison inmate, brought an action
against the Department of Corrections and Joseph Gregorich,
Deputy Superintendent of the Michigan Intensive Program
Center in Marquette, to compel disclosure, pursuant to the
Freedom of Information Act, of a film of plaintiff being forcibly
removed from a prison cell. Defendants contend that the film
was exempt from disclosure under the act. The Marquette
Circuit Court, Edward A. Quinnell, J., ruled that the disclosure
of this particular film posed no danger to prison security and
ordered disclosure. Defendants appeal. *Held:*

1. The exemption from disclosure of records which, if dis-
closed, would prejudice a public body's ability to maintain
physical security of custodial or penal institutions requires a
balancing test between the public interest in disclosure and the
public interest in nondisclosure, on a case-by-case basis. Fur-
thermore, because of the public policy of disclosure of complete
information concerning the affairs of government an exemp-
tion, such as this one, which is of a permanent nature must be
given a narrow construction.

2. Disclosure of the film involved would pose no danger to
prison security.

Affirmed.

1. RECORDS — FREEDOM OF INFORMATION ACT — EXEMPTIONS FROM
DISCLOSURE.

A provision of the Freedom of Information Act which exempts
from disclosure public records which if disclosed would preju-
dice a public body's ability to maintain the physical security of
custodial or penal institutions unless the public interest in
disclosure outweighs the public interest in nondisclosure re-
quires a case-by-case balancing test to accommodate the respec-
tive public interests in institutional security and freedom of
information (MCL 15.243[1]; MSA 4.1801[13][1]).

REFERENCE FOR POINTS IN HEADNOTES
[1, 2] 66 Am Jur 2d, Records and Recording Laws § 36 *et seq.*

2. Records — Freedom of Information Act — Exemptions From Disclosure.

    Public policy requires disclosure of full and complete information concerning the affairs of government; therefore, exemptions contained in the Freedom of Information Act which are of a permanent nature are to be given a narrow construction (MCL 15.231[2]; MSA 4.1801[1][2]).

Christopher T. Ballard, *in propria persona.*

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, and *John Wernet,* Assistant Attorney General, for defendants.

Before: MacKenzie, P.J., and R. M. Maher and C. W. Simon,* JJ.

MacKenzie, P.J. Plaintiff, a prison inmate in the custody of defendant Department of Corrections, brought this action under the Freedom of Information Act, MCL 15.231 *et seq.;* MSA 4.1801(1) *et seq.,* to compel disclosure of a public record. The record in question was a film made by defendant department of plaintiff being forcibly removed from a cell at the Ionia reformatory. Defendant department contended that the film was exempt from disclosure pursuant to MCL 15.243(1); MSA 4.1801(13)(1), which provides in part:

    "A public body may exempt from disclosure as a public record under this act:

* * *

    "(c) A public record which if disclosed would prejudice a public body's ability to maintain the physical security of custodial or penal institutions occupied by persons arrested or convicted of a crime or admitted because of a mental disability, unless the public interest in disclosure under this act outweighs the public interest in nondisclosure."

---

* Circuit judge, sitting on the Court of Appeals by assignment.

Defendant department argued that disclosure of films of this type would prejudice its ability to maintain the physical security of its institutions because such films may reveal the methods, tactics, and equipment used to restrain and subdue prisoners and because, by studying such films, prisoners might learn to circumvent such methods, tactics, and equipment. Defendant Gregorich testified that the particular film at issue showed only the use of a mattress and overwhelming manpower to subdue plaintiff, and the circuit judge held, after viewing the film in private pursuant to MCL 15.240(1); MSA 4.1801(10)(1), that disclosure of this particular film posed no danger to prison security. The circuit judge ordered disclosure and defendants appeal by right.

Defendants' argument on appeal is that, regardless of the contents of the particular film at issue here, the film should be exempt from disclosure if they can show that such films as a class fall within the exemption. As authority for this generic approach to exemption, defendants rely on *Evening News Ass'n v City of Troy,* 101 Mich App 650; 300 NW2d 667 (1980), *lv gtd* 412 Mich 884 (1981). That case involved MCL 15.243(1)(b)(i); MSA 4.1801(13)(1)(b)(i), which permits exemption from disclosure of investigating records compiled for law enforcement purposes to the extent that disclosure would interfere with law enforcement proceedings. The decision in that case was based on *National Labor Relations Board v Robbins Tire & Rubber Co,* 437 US 214; 98 S Ct 2311; 57 L Ed 2d 159 (1978), a case construing the analogous exemption contained in 5 USC 552(b)(7)(A).

The *Evening News* and *Robbins* decisions were based on three considerations. First, the state and federal exemptions at issue in those cases referred

to "enforcement proceedings" in general, in contrast to the language employed in related exemptions such as 5 USC 552(b)(7), subds (B), (C), and (D) or MCL 15.243(1)(b), subds (ii), (iii), and (iv); MSA 4.1801(13)(1)(b), subds (ii), (iii), and (iv), which clearly require a particularized showing of risk in each individual case. Second, the state and federal exemptions are temporary; they last only so long as the law enforcement proceedings are pending. Finally, the legislative history of the federal statute shows no congressional intent to require a particularized showing of risk in each individual case for the exemption contained in 5 USC 552(b)(7)(A) to apply. Originally, all an agency needed to show to withhold records under 5 USC 552(b)(7) was that the records were investigatory in nature and had been compiled for law enforcement purposes. Courts had construed the exemption to allow records to be withheld even after the termination of investigation and enforcement proceedings. Congress amended the statute in 1974 to add the language at issue in *Robbins.* Examination of the congressional debates on the amendment shows that Congress intended to make it clear that records were not permanently exempt merely because they were contained in investigatory files, but that Congress did not intend to alter general rules such as that at issue in *Robbins,* by which the National Labor Relations Board refused to disclose statements of potential witnesses in unfair labor practice proceedings, to prevent such witnesses from being coerced or intimidated. *Robbins,* pp 228-236, 239.

None of the considerations on which the *Evening News* and *Robbins* decisions were based have any relevance to the exemption at issue here. The exemption contains no generalized language analo-

gous to that contained in 5 USC 552(b)(7)(A) or MCL 15.243(1)(b)(i); MSA 4.1801(13)(1)(b)(i). Rather, the balancing test contained in the exemption at issue here suggests that a case-by-case approach is required because it reveals a legislative intent to accommodate, insofar as it is possible, the respective public interests in institutional security and freedom of information. If the balancing test must be performed with generalizations rather than specifics, there will be cases in which one of these public interests must be sacrificed without any countervailing advancement of the other public interest.

The exemptions contained in 5 USC 552(b)(7)(A) and MCL 15.243(1)(b)(i); MSA 4.1801(13)(1)(b)(i) expire at the end of the law enforcement proceedings. In contrast, the exemption at issue here is, in most applications, permanent, although conceivably in some instances changing needs of institutional security could lead to the release of materials previously withheld. The Legislature has declared that the public policy of this state requires disclosure of full and complete information concerning the affairs of government. MCL 15.231(2); MSA 4.1801(1)(2). Because our construction of the act must be consistent with that policy, we are more reluctant to give a broad construction to a permanent exemption than to a temporary exemption.

Finally, in contrast to the exemptions at issue in *Evening News* and *Robbins,* nothing in the legislative history of this exemption suggests that the generic approach advocated by defendants was intended. The circuit judge did not err by ordering disclosure on the facts presented here.

Affirmed.