MITHRANDIR v DEPARTMENT OF CORRECTIONS

Docket No. 91685. Submitted February 5, 1987, at Detroit. Decided
      September 18, 1987. Leave to appeal applied for.

      Jason K. Mithrandir and three other maximum security prison-
      ers in administrative segregation at Marquette Branch Prison
      made written requests under the Freedom of Information Act
      seeking to inspect some five hundred files located at the prison
      but outside of the prison's security perimeter. George Pennell,
      an administrative assistant to the prison warden, responded to
      the requests by allowing Mithrandir and the other prisoners to
      select a representative to inspect the files for them or, alterna-
      tively, to obtain copies of the files upon payment of a fee. Not
      satisfied with the response to their request, Mithrandir and the
      other prisoners brought an action under the FOIA in Marquette
      Circuit Court against the Department of Corrections. Plaintiff
      Mithrandir moved for summary disposition seeking a right to
      personally inspect the files, contending that no material factual
      issues existed and that he was entitled to judgment as a matter
      of law. The trial court, Edward A. Quinnell, J., denied the
      motion and granted summary disposition in favor of defendant.
      Plaintiff Mithrandir appealed.

         The Court of Appeals *held:*

         · The Department of Corrections has obligations with regard to
      prison security and the confinement of prisoners which are
      separate and distinct from its duty under the FOIA to provide a
      reasonable opportunity for persons and prisoners to inspect
      public records not exempt from disclosure under the FOIA.
      Considerations peculiar to the penal system justify the imposi-
      tion of limitations on a prisoner's right to inspect a prison's
      public records. In this case, the alternatives offered to plaintiff
      Mithrandir in response to his request to personally inspect the
      files were reasonable and in compliance with FOIA disclosure
      requirements in view of the security risk and added burden on

REFERENCES

Am Jur 2d, Records and Recording Laws §§ 12 *et seq.;* 32 *et seq.*
Scope of judicial review under Freedom of Information Act (5 USC
   sec. 552(a)(3)), of administrative agency's withholding of records. 7
   ALR Fed 876.

prison personnel that would result from either allowing Mithrandir to inspect the files at their location or transporting the files to an area within the prison's security perimeter.

Affirmed.

PRISONS AND PRISONERS — FREEDOM OF INFORMATION ACT.

An inmate of a state prison may seek disclosure of a prison's public records pursuant to the Freedom of Information Act; however, such a request is subject to reasonable limitations because of a prison's obligations with regard to prison security and the confinement of prisoners; thus, a request made by an inmate under maximum security and administrative segregation to inspect records located outside of a prison's security perimeter is reasonably satisfied pursuant to the requirements of the Freedom of Information Act by allowing the inmate to select a representative to inspect the records for him or by alternatively allowing the inmate to obtain copies of the records upon payment of a fee (MCL 15.231 *et seq.*; MSA 4.1801[1] *et seq.*).

Jason K. Mithrandir, in propria persona.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, and *Susan Peck Iannotti,* Assistant Attorney General, for defendant.

Before: WAHLS, P.J., and M. J. KELLY and C. W. SIMON, JR.,* JJ.

PER CURIAM. Plaintiff Jason Mithrandir, in propria persona, appeals as of right from a Marquette Circuit Court grant of summary disposition under MCR 2.116(I)(2) in favor of defendant. We affirm.

At the times pertinent to this appeal, the four plaintiffs were maximum security prisoners in administrative segregation at the Marquette Branch Prison. Between August 25, 1985, and September 4, 1985, each plaintiff made a written request under the Freedom of Information Act (FOIA), MCL 15.231 *et seq.*; MSA 4.1801(1) *et seq.*, to inspect Department of Corrections legal files.

* Circuit judge, sitting on the Court of Appeals by assignment.

Except for information exempted from disclosure, the Department of Corrections, acting through George Pennell, the administrative assistant to the warden, initially granted plaintiffs' requests on condition that they appoint a representative to inspect the files. Later, Pennell denied plaintiffs' requests, but again allowed plaintiffs to appoint a representative to inspect the files or, alternatively, to obtain copies of the files upon paying the appropriate fee.

The files themselves consisted of over five hundred separate folders, each containing all the legal actions filed by a single prisoner. The files filled five drawers in two file cabinets located in the administrative section of the prison. The administrative section is located outside of the prison's security perimeter. As maximum security prisoners, plaintiffs were not allowed outside of the security perimeter.

Plaintiffs were not satisfied with Pennell's response to their FOIA requests. Consequently, they filed suit in the circuit court against Pennell as the representative of the Department of Corrections. Plaintiff Mithrandir subsequently moved for summary disposition seeking a right to personally inspect the files. In denying the motion, the circuit court concluded that defendant's response satisfied FOIA requirements. Judgment was granted in favor of defendant under MCR 2.116(I)(2) as to all plaintiffs' FOIA claims.

We note at this point that MCR 2.116(I)(2) permits a trial court to enter a judgment for the party opposing a motion for summary disposition if it appears that the opposing party, and not the moving party, is entitled to judgment. In the present case, plaintiff Mithrandir's motion was based on MCR 2.116(C)(10), which asserts that there is no genuine issue of material fact and that the movant

is entitled to judgment as a matter of law. Such a motion tests the factual basis for a plaintiff's claim. *Linebaugh v Berdish,* 144 Mich App 750, 753; 376 NW2d 400 (1985). The trial court must consider the affidavits, together with the pleadings, depositions, admissions and documentary evidence then filed or submitted by the parties. MCR 2.116(G)(5). On appeal, neither party argues that a factual issue exists. The relief sought by plaintiff is an order compelling disclosure of the files.

Plaintiff first argues that the circuit court misinterpreted the FOIA's requirements in granting judgment in favor of defendant. We disagree.

In reviewing this argument, we first look to the basic policy of the FOIA:

> It is the public policy of this state that all persons are entitled to full and complete information regarding the affairs of government and the official acts of those who represent them as public officials and public employees, consistent with this act. The people shall be informed so that they may fully participate in the democratic process. [MCL 15.231(2); MSA 4.1801(1)(2).]

The FOIA confers upon the public the dual right to inspect nonexempt public records and to obtain copies of such records. *Cashel v Regents of the University of Michigan,* 141 Mich App 541, 547; 367 NW2d 841 (1985). These rights seem to contemplate a brief perusal of certain files, followed by a request for copies of specific records found during the search. *'Id.,* p 549. However, these rights are not without limitation. Safeguards have been established so as not to overly burden the public body. *Id.,* p 547. For instance, MCL 15.234; MSA 4.1801(4) permits a public body to charge a fee for providing a copy of a public record. More-

over, MCL 15.233(2); MSA 4.1801(3)(2) contains the following reasonableness limitations:

> A public body shall furnish a requesting person a reasonable opportunity for inspection and examination of its public records, and shall furnish reasonable facilities for making memoranda or abstracts from its public records during the usual business hours. A public body may make reasonable rules necessary to protect its public records and to prevent excessive and unreasonable interference with the discharge of its functions.

In the present case, it is undisputed that plaintiff is a "person" within the meaning of the FOIA. MCL 15.232(a); MSA 4.1801(2)(a), MCL 15.233(2); MSA 4.1801(3)(2). At first blush, it thus appears that plaintiff should have a reasonable opportunity to personally inspect nonexempt records of a public body, whether that public body is the Department of Corrections or some other public body located outside of the prison. However, there is a salient difference between persons who are members of the public community and prison inmates in that the latter, by law, are prohibited from exercising the rights and privileges they enjoyed as free members of society. *Martin v Dep't of Corrections,* 424 Mich 553, 558-559; 384 NW2d 392 (1986). Lawful incarceration brings about the necessary withdrawal or limitation of many privileges and rights justified by considerations underlying the penal system. *Dickerson v Warden, Marquette Prison,* 99 Mich App 630, 635; 298 NW2d 841 (1980). Moreover, a prison's internal security is peculiarly a matter normally left to the discretion of prison administrators. *Rhodes v Chapman,* 452 US 337, 349, n 14; 101 S Ct 2392; 69 L Ed 2d 59 (1981).

As can be seen from these principles, the De-

partment of Corrections has obligations with regard to prison security and the confinement of prisoners which are separate and distinct from its duty under the FOIA to provide a reasonable opportunity for persons to inspect its nonexempt public records. Considerations peculiar to the penal system may very well justify imposing limitations on a prisoner's right to inspect its public records.

In order for the Department of Corrections to provide plaintiff with an opportunity to personally inspect its legal files, either plaintiff would have to be transported to the files or the files would have to be transported to plaintiff. As support for his position that he should be provided with an opportunity to personally inspect the files, plaintiff asserts that it would only take three business days for the proposed inspection. By contrast, Pennell's affidavits established that plaintiff was a maximum security prisoner in administrative segregation because of a prior escape attempt and that transporting plaintiff to the files would constitute an unwarranted security risk to both staff and the general public. Plaintiff has not established any genuine factual issue with regard to these averments. The alternative course of action, that of transporting the files to plaintiff within the security perimeter, similarly raises no genuine factual issue. Pennell's affidavits established that it would be physically burdensome to transport the files into the security perimeter, would be disruptive to staff who refer to the files, and would require staff time and effort to sit with the prisoner as he inspects the files to guard against theft and to remove exempted materials.

The circuit court correctly concluded that both alternatives were incompatible with the duties of the Department of Corrections and defendant Pennell. We find no error in the circuit court's interpretation of the FOIA and its application in this

case. We also find no error in the circuit court's determination that the solution proposed by defendant was reasonable. By providing plaintiff with an opportunity to obtain copies of the records or to appoint a representative to inspect the files, defendant satisfied FOIA's disclosure requirements. All that was denied was plaintiff's request for disclosure in the precise manner sought. This action was justified by considerations peculiar to the penal system. Accordingly, we conclude that the circuit court correctly granted judgment in favor of defendant under MCR 2.116(I)(2).

Plaintiff next argues that the circuit court should have compelled disclosure in the manner he sought because Pennell's response to his FOIA request was based on a Department of Corrections policy directive issued as a guideline, instead of being promulgated as an administrative rule under the Administrative Procedures Act, MCL 24.201 *et seq.*; MSA 3.560(101) *et seq.* The subject guideline, PD—DWA—23.04, was expressly established to fully implement the FOIA. Although Pennell did indicate that his response was based on the guideline, we note that MCL 15.233(2); MSA 4.1801(3)(2) does not require a public body to act pursuant to an administrative rule. Once an FOIA request is made, a public body is obligated to respond in a reasonable manner. See *Cashel, supra,* p 549. The circuit court's concern in reviewing a denial of an FOIA request is whether disclosure should be compelled. MCL 15.240; MSA 4.1801(10). Having concluded that FOIA disclosure requirements were satisfied, we agree with the circuit court's determination that it is not necessary to decide the validity of the guideline.

Our resolution of this case makes it unnecessary to address the remaining issues raised by plaintiff.

Affirmed.