MACKEY v DEPARTMENT OF CORRECTIONS

Docket No. 148665. Submitted February 16, 1994, at Grand Rapids.
Decided May 16, 1994, at 9:55 A.M.

Robert Mackey, a state prison inmate, brought an action in the
Ingham Circuit Court against the Department of Corrections,
seeking disclosure pursuant to the Freedom of Information Act,
MCL 15.231 *et seq.*; MSA 4.1801(1) *et seq.*, of the payroll
records of certain fellow inmates who, like him, work at the
prison. The court, William E. Collette, J., summarily dismissed
the action, ruling that the requested records were subject to the
"prison security" exemption, MCL 15.243(1)(c); MSA 4.1801(13)
(1)(c). The plaintiff appealed.

The Court of Appeals *held:*

Disclosure of the records at issue would prejudice the ability
of the Department of Corrections to maintain security in the
penal institution in which the plaintiff is incarcerated and the
public interest in nondisclosure outweighs the public interest in
disclosure. Accordingly, § 13(1)(c) applies to exempt the records
in question from disclosure.

Affirmed.

RECORDS — FREEDOM OF INFORMATION ACT — PRISON SECURITY EX-
EMPTION.

A public record about a prison inmate is exempt from disclosure
under the prison security exemption of the Freedom of Infor-
mation Act where the record is requested by an inmate other
than the one to whom the record pertains (MCL 15.243[1][c];
MSA 4.1801[13][1][c]).

Robert Mackey, in propria persona.

REFERENCES

Am Jur 2d, Penal and Correctional Institutions § 109; Records and
Recording Laws §§ 32, 36, 40.

Who has standing to seek access to agency information under
Freedom of Information Act. 82 ALR Fed 248.

When are government records "similar files" exempt from disclo-
sure under Freedom of Information Act provision (5 USCS sec
552(b)(6)) exempting certain personnel, medical, and "similar"
files. 106 ALR Fed 94.

*Frank J. Kelley,* Attorney General, *Thomas L. Casey,* Solicitor General, and *Pamela J. Stevenson,* Assistant Attorney General, for the defendant.

Before: TAYLOR, P.J., and MACKENZIE and M. J. MATUZAK,* JJ.

MACKENZIE, J. Plaintiff appeals as of right from an opinion and order granting defendant's motion for summary disposition. The trial court determined that Freedom of Information Act (FOIA) requests by prison inmates for information regarding other inmates are exempt under the act's "prison security" exemption, § 13(1)(c), MCL 15.243(1)(c); MSA 4.1801(13)(1)(c).

Plaintiff is a prisoner at the Ionia Temporary Facility who works in the maintenance department as a skilled carpenter. He submitted a written FOIA request for copies of prisoner payroll and time sheets for the maintenance department after becoming concerned that he was being paid less than unskilled carpenters. Defendant informed plaintiff that the requested materials pertaining to him would be forwarded, but that disclosure of information pertaining to other prisoners was prohibited. This lawsuit followed.

Requests for documents pertaining to other inmates are specifically .addressed by defendant in Policy Directive PD-DWA 23.04, § V. Disclosure of inmate information to other inmates is prohibited under that directive. The directive was established to address FOIA requests and is based on § 13(1)(c) of the FOIA, which provides:

> (1) A public body may exempt from disclosure as a public record under this act:
>
> *   *   *

---

* Circuit judge, sitting on the Court of Appeals by assignment.

(c) A public record which if disclosed would prejudice a public body's ability to maintain the physical security of custodial or penal institutions occupied by persons arrested or convicted of a crime or admitted because of a mental disability, unless the public interest in disclosure under this act outweighs the public interest in nondisclosure.

In *Mithrandir v Dep't of Corrections,* 164 Mich App 143, 147-148; 416 NW2d 352 (1987), this Court discussed the competing interests of prison security and disclosure of information:

> [T]here is a salient difference between persons who are members of the public community and prison inmates in that the latter, by law, are prohibited from exercising the rights and privileges they enjoyed as free members of society. *Martin v Dep't of Corrections,* 424 Mich 553, 558-559; 384 NW2d 392 (1986). Lawful incarceration brings about the necessary withdrawal or limitation of many privileges and rights justified by considerations underlying the penal system. *Dickerson v Warden, Marquette Prison,* 99 Mich App 630, 635; 298 NW2d 841 (1980). Moreover, a prison's internal security is peculiarly a matter normally left to the discretion of prison administrators. *Rhodes v Chapman,* 452 US 337, 349, n 14; 101 S Ct 2392; 69 L Ed 2d 59 (1981).
>
> As can be seen from these principles, the Department of Corrections has obligations with regard to prison security and the confinement of prisoners which are separate and distinct from its duty under the FOIA to provide a reasonable opportunity for persons to inspect its nonexempt public records.

The trial court in this case relied heavily on this reasoning when it granted defendant's motion to dismiss.

An inmate may have a higher interest in obtain-

ing records pertaining to himself. See *Ballard v Dep't of Corrections*, 122 Mich App 123; 332 NW2d 435 (1982). This principle is implicit in the language of MCL 791.230(2); MSA 28.2300(2), which contains an exception to nondisclosure of certain items, such as numbers or other identifying information, if requested by *that* prisoner. However, we agree with defendant that, from a policy standpoint, a blanket exemption should apply for requests by inmates for information about other inmates under the prison security exemption, MCL 15.243(1)(c); MSA 4.1801(13)(1)(c). That approach is consistent with the high public interest in maintaining security of penal institutions and the relatively low interest in disclosure when the requested documents do not pertain to the inmate making the request, but rather to other inmates. A blanket exemption also makes sense in light of the increasing demand placed on the department by FOIA requests. See *Mithrandir, supra* at p 146. Because a prison's internal security is particularly a matter left to the discretion of prison administrators, *id.* at 147, defendant's application of the security exemption was properly upheld by the trial court.

Plaintiff also contends that summary disposition was prematurely granted. The claim is without merit. A grant of summary disposition is premature if granted before discovery on a disputed issue is complete. *Dep't of Social Services v Aetna Casualty & Surety Co,* 177 Mich App 440, 446; 443 NW2d 420 (1989). However, summary disposition is appropriate if there is no fair chance that further discovery will result in factual support for the party opposing the motion. *Neumann v State Farm Automobile Ins Co,* 180 Mich App 479, 485; 447 NW2d 786 (1989). The purpose of summary disposition is to avoid extensive discovery and an evidentiary hearing when a case can be quickly

resolved with a ruling on an issue of law. *American Community Mutual Ins Co v Comm'r of Ins*, 195 Mich App 351, 362; 491 NW2d 597 (1992). In this case, plaintiff's inability to complete discovery did not make the trial court's grant of summary disposition premature because this case was resolved as a matter of law.

Affirmed.