*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

LANNY L. SCOBY, Trustee of the LANNY L.
SCOBY TRUST and KAREN S. SCOBY, Trustee of
the KAREN S. SCOBY TRUST,

      Plaintiffs-Appellants,

v

BRIAN H. MITCHELL and BARRY COUNTY
ROAD COMMISSION,

      Defendants-Appellees,

and

SCOTT R. RANBURGER, JULIE A.
RANBURGER, DEPARTMENT OF NATURAL
RESOURCES, MI DOO, SONJIA KANG, ROBERT
S. VANPUTTEN, ROGER ONDERSMA, BARRY
COUNTY DRAIN COMMISSION, IRVING
TOWNSHIP, CONSUMERS ENERGY CO.,
GREAT LAKES ENERGY, DIRECTOR OF
DEPARTMENT OF LICENSING AND
REGULATORY AFFAIRS, and STATE
TREASURER,

      Defendants.

FOR PUBLICATION
January 25, 2024
9:30 a.m.

No. 364152
Barry Circuit Court
LC No. 2022-000139-CZ

Before: REDFORD, P.J., and RIORDAN and FEENEY, JJ.

PER CURIAM.

      In this action brought by plaintiffs to quiet title to an unimproved road, plaintiffs Lanny L.
Scoby, as trustee of the Lanny L. Scoby Trust, and Karen S. Scoby, as trustee of the Karen S.
Scoby Trust, appeal as of right the trial court's order dismissing plaintiffs' claims against defendant
Brian H. Mitchell. Although that was the trial court's final order, plaintiffs' issues on appeal

-1-

concern the trial court's earlier order granting summary disposition to defendant Barry County Road Commission, which resulted in the dismissal of all the other defendants listed in the case caption, except for Mitchell.

At issue in this case is whether the Road Commission abandoned a public road, Loftus Road; whether the property on which the road was situated now belongs to plaintiffs and other landowners whose property abutted Loftus Road; and whether Mitchell may improve Loftus Road to access his property. Plaintiffs argue on appeal that the trial court erred by granting the Road Commission's motion for summary disposition pursuant to MCR 2.116(C)(7) (immunity granted by law) because MCL 600.5821(2) and MCL 224.18 do not preclude plaintiffs' claim for common-law abandonment of a public road. Plaintiffs further argue that the trial court erred when it ruled that the Road Commission did not abandon Loftus Road. We agree with plaintiffs and reverse the trial court's grant of summary disposition to the Road Commission.

## I. FACTS

In 2002, Lanny and Karen Scoby bought property in Irving Township in Barry County from seller Solomon Road, LLC. In March 2021, Mitchell bought a neighboring parcel of land from Peter and Phillip Fields. Other defendants, including individuals and the State of Michigan, own property in the same area of Loftus Road in Irving Township, including Scott R. Ranburger, Julie A. Ranburger, Mi Doo, Sonjia Kang, Robert S. VanPutten, and Roger Ondersma.

On May 10, 2021, Mitchell's counsel sent a letter to plaintiffs and defendants Mi Doo and Sonjia Kang, stating that, on June, 2, 2021, Mitchell planned to make improvements to Loftus Road, along the southern edge of their properties, to access his land from Solomon Road. In response, plaintiffs' counsel sent an e-mail to Mitchell's counsel on May 19, 2021, stating that there was no county road across plaintiffs' property, Mitchell did not have the right to use any of plaintiffs' property for access to his parcel from Solomon Road, and that Mitchell had no easement rights over plaintiffs' property.

In response, Mitchell's counsel sent an e-mail stating that Mitchell would not proceed with any improvements and would try to find other, more favorable routes to the property, but he noted that Loftus Road was accepted as a road and was not abandoned by the Road Commission. On January 19, 2022, Mitchell's counsel sent a letter to plaintiffs' counsel stating that Mitchell intended to "have the extension of Loftus Road surveyed." Mitchell's counsel further stated that the chief engineer at the Road Commission stated that Loftus Road was not abandoned. Therefore, Mitchell planned to obtain a driveway permit off Loftus Road so that he could access his property. According to Mitchell's counsel, the survey would determine whether the roadbed of Loftus Road was on plaintiffs' property. Mitchell's counsel stated that, although "the road has been in dis-use for awhile, the road bed clearly exists."

The parties were unable to reach an agreement, and the instant litigation resulted.[1] For the purposes of this appeal, the issue before the trial court was whether a disputed portion of Loftus Road was abandoned by the Road Commission under the common law. The Road Commission moved for summary disposition under MCR 2.116(C)(7), arguing that MCL 600.5821 bars actions against road commissions to quiet title to public rights of way if the claim is for adverse possession or acquiescence, which includes plaintiffs' claim of common-law abandonment in the instant case. The Road Commission further argued that MCL 600.5821(2)(a) provides that statutes of limitations do not apply to claims against road commissions, so a claim that lands may be recovered after a period of 15 years cannot apply to the Road Commission. Moreover, according to the Road Commission, MCL 224.18, among other related statutes, provides the only method for a road commission to abandon a public road. And, the Road Commission noted, MCL 224.18 was not satisfied here. Mitchell moved for summary disposition as well.

On September 7, 2022, the trial court held a hearing on defendants' motions for summary disposition, during which the parties reiterated the arguments set forth in their briefs. The Road Commission argued that it had the sole authority to abandon a road and that it had not abandoned Loftus Road. In addition, Mitchell argued that the trial court should grant summary disposition to all defendants because plaintiffs failed to allege any facts to show an intent to abandon Loftus Road. Plaintiffs responded that it was premature for the trial court to grant summary disposition to any defendant because discovery was incomplete. Thus, plaintiffs could not present all facts related to their claims. Plaintiffs further asserted that abandonment of Loftus Road occurred before 1980, so property rights vested before MCL 224.18 and MCL 600.5821 were enacted.

The trial court acknowledged that this area of the law is "fluid," but ultimately, it granted the Road Commission's motion for summary disposition. The trial court ruled that, despite their assertion that Loftus Road was abandoned, plaintiffs failed to allege any facts that would show that the Road Commission intended to abandon the road. The trial court agreed with the Road Commission that MCL 224.18 controls how a road commission may abandon a road and that the statute was not satisfied here. Further, the trial court ruled that any abandoned land became the property of the township and that plaintiffs could not claim ownership of it by claiming the Loftus Road property as their own.

On September 28, 2022, the trial court entered an order dismissing plaintiffs' claims except for those against Mitchell. Thereafter, the trial court dismissed plaintiffs' remaining claims against Mitchell as well.

Plaintiffs now appeal.

## II. STANDARD OF REVIEW

This Court reviews motions for summary disposition pursuant to MCR 2.116(C)(7) de novo. *Russell v Detroit*, 321 Mich App 628, 631; 909 NW2d 507 (2017). "A defendant is

---

[1] On the same day as the survey and without notice to plaintiffs, Mitchell cleared a path with his "Bobcat" along the survey line. This prompted plaintiffs to seek a preliminary injunction against Mitchell.

entitled to summary disposition under MCR 2.116(C)(7) if the plaintiff's claims are barred because of immunity granted by law." *Milot v Dep't of Transp*, 318 Mich App 272, 275; 897 NW2d 248 (2016). "If reasonable minds could not differ on the legal effects of the facts, it is a question of law whether governmental immunity bars a plaintiff's claim." *Id*. at 275-276. This Court reviews questions of law, including questions of statutory interpretation, de novo. See *id*. at 276.

### III. MCL 600.5821

Plaintiffs argue that the trial court erred by ruling that their claim of common-law abandonment of Loftus Road was barred by MCL 600.5821. We agree.

MCL 600.5821 provides, in relevant part:

> (1) An action for the recovery of any land to which this state is a party is not subject to the periods of limitations, or laches. However, a person who could have asserted claim to title by adverse possession for more than 15 years is entitled to seek any other equitable relief in an action to determine title to the land.

> (2) In an action involving the recovery or the possession of land, including a public highway, street, alley, easement, or other public ground, a municipal corporation, political subdivision of this state, or county road commission is not subject to any of the following:

> (a) The periods of limitations under this act.

> (b) Laches.

> (c) A claim for adverse possession, acquiescence for the statutory period, or a prescriptive easement.

According to the Road Commission, although plaintiffs' complaint alleges a claim of common-law abandonment, it is actually a claim for adverse possession because plaintiffs asserted in their complaint that Loftus Road was abandoned for at least 15 years, which is the length of the statutory period of limitations that applies to adverse possession. See *Houston v Mint Group, LLC*, 335 Mich App 545, 558-559; 968 NW2d 9 (2021). The Road Commission argues that plaintiffs' claim for adverse possession was barred by MCL 600.5821(2)(c), which specifically prohibits that cause of action from being maintained against the Road Commission.

In *Wolf v Kalkaska Co Rd Comm*, unpublished per curiam opinion of the Court of Appeals, issued August 25, 2022 (Docket No. 355746), a panel of this Court ruled that MCL 600.5821 does not abrogate claims of common-law abandonment.[2] The plaintiffs in *Wolf* bought property in Oliver Township in Kalkaska County. *Id*. at 2. A public road ran through the property, but the

---

[2] "Unpublished opinions are . . . not binding authority but may be persuasive or instructive." *Haydaw v Farm Bureau Ins Co*, 332 Mich App 719, 726 n 5; 957 NW2d 858 (2020).

road commission had not maintained the road since it was decertified in 1970, and a prior owner had installed a fence and gate across it. *Id*. After a dispute arose over ownership of the road, the plaintiffs sued the road commission on a theory of abandonment to quiet title to the portion of the road on the plaintiffs' property. *Id*.

Similar to this case, the defendant road commission in *Wolf* argued that it was immune from the plaintiffs' claim under MCL 600.5821 because the statute prohibits claims against road commissions for common-law abandonment and that, further, MCL 224.18 sets forth the exclusive means by which a road may be abandoned. *Id*. As plaintiffs argue here, the plaintiffs in *Wolf* argued that MCL 600.5821 and MCL 224.18 did not abrogate common-law claims of abandonment. *Id*. The trial court ruled in favor of the plaintiffs on the ground that neither statute indicates that the Legislature intended to abrogate the doctrine of common-law abandonment because MCL 600.5821(2)(c) did not mention abandonment as a prohibited claim, and pursuant to *Ambs v Kalamazoo Co Rd Comm*, 255 Mich App 637; 662 NW2d 424 (2003), MCL 224.18 is not the only method by which a road commission may abandon a road within its jurisdiction. *Wolf*, unpub op at 2-3.

In deciding whether common-law abandonment remained a viable cause of action following the enactment of the statutes, the panel in *Wolf* observed that the common-law doctrine of abandonment of a highway was well established in our jurisprudence. *Wolf*, unpub op at 3, citing *Gardens of Rest v Upper Mich Power & Light Co*, 322 Mich 153, 156; 33 NW2d 741 (1948); *Meyer v Meldrum*, 237 Mich 318, 322; 211 NW 658 (1927); *Ambs*, 255 Mich App at 652. The panel also quoted the following from our Supreme Court's opinion in *Murphy v Inman*, 509 Mich 132, 153; 983 NW2d 354 (2022):

> The common law remains in force until changed, amended or repealed. The Legislature may alter or abrogate the common law through its legislative authority. Yet the mere existence of a statute does not necessarily mean that the Legislature has exercised this authority. We presume that the Legislature knows of the existence of the common law when it acts. Therefore, we have stated that we will not lightly presume that the Legislature has abrogated the common law and that the Legislature should speak in no uncertain terms when it exercises its authority to modify the common law. As with other issues of statutory interpretation, the overriding question is whether the Legislature intended to abrogate the common law. [*Wolf*, unpub op at 3-4 (cleaned up).]

In considering whether the Legislature intended to abrogate common-law abandonment by enacting MCL 600.5821(2)(c), the panel in *Wolf* observed that the Legislature failed to list abandonment as one of the claims that may not be brought against a road commission. *Id*. at 3. As the panel explained:

> [T]he clear and unambiguous language of MCL 600.5821(2)(c) lists only claims for "adverse possession, acquiescence for the statutory period, or a prescriptive easement," not common-law abandonment. This plainly suggests that the Legislature did not intend to include claims for common-law abandonment in the list of claims barred by MCL 600.5821(2)(c). See *Dawley v Hall*, 501 Mich 166,

-5-

170; 905 NW2d 863 (2018) (applying the maxim *expressio unius est exclusio alterius*—the expression of one thing is the exclusion of another). [*Id.* at 4.]

The panel further reasoned that, if the Legislature intended to abolish the common-law claim of abandonment, it would have made that clear. *Id.* Instead, by specifically barring claims like adverse possession, prescriptive easement, and acquiescence for the statutory period, but not listing common-law abandonment among those prohibited claims, "it cannot be said that the Legislature clearly intended to abrogate that common-law doctrine." *Id.* The panel added that, because common-law abandonment has been recognized by our courts for many years, and also in recent cases such as *Ambs*, the Legislature would have been aware of the doctrine of abandonment when, in 2016, it amended MCL 600.5821(2)(c) to list specific claims that were barred. *Id.* For those reasons, the panel ruled that the Legislature's decision not to include common-law abandonment as a claim barred by MCL 600.5821(2)(c) was knowing and intentional. *Id.* at 4-5.

The road commission in *Wolf* contended that, by prohibiting claims including acquiescence and adverse possession in MCL 600.5821(2)(c), the Legislature intended to bar claims with similar facts. *Id.* at 5. The panel rejected that reasoning because the Legislature specifically barred certain claims, not facts supporting a party's claim. *Id.* As the panel explained, "[i]f the Legislature's intent was to preclude potential plaintiffs from relying on certain facts, it could have easily written the statute in a way to effectuate that intent." *Id.* For that reason, even if facts that would support a claim of adverse possession might also support a claim of common-law abandonment, this would "not intertwine the theories such that a bar of one theory is necessarily a bar of the other . . . ." *Id.*

The road commission in *Wolf* also raised the same alternative argument that the Road Commission advances in this case—that common-law abandonment is barred by MCL 600.5821(2)(a) because subsection (2)(a) provides that road commissions are not subject to statutes of limitations, and the passage of time is part of any claim of abandonment. *Id.* at 5-6. The panel rejected this argument as a misreading of subsection (2)(a). *Id.* at 6. In analyzing the issue, the panel contrasted the language in subsections (1) and (2) of MCL 600.5821. *Id.* As set forth earlier, subsection (1) provides that, when the state is a party, actions to recover land are not subject to periods of limitations or laches, whereas subsection (2) provides that road commissions are not subject to periods of limitations. *Id.* We have interpreted MCL 600.5821(1) to mean that the state is immune from actions to quiet title because periods of limitations cannot run against the state. *Id.*, citing *Gorte v Dep't of Transp*, 202 Mich App 161, 167; 507 NW2d 797 (1993). However, the reference to statutes of limitations in subsection (2) does not apply to "actions" to quiet title to land, but to the governmental entity itself when it pursues such actions. *Wolf*, unpub op at 6-7. Accordingly, when a road commission is the plaintiff in a proceeding, its claim cannot be barred by periods of limitations. *Id.* at 6. The panel further reasoned that, when the Legislature amended the statute in 2016, it could have used the same language in both subsections (1) and (2) if it wanted both the state and inferior governmental entities to be immune from quiet title actions, but it failed to do so. *Id.* at 7.

Moreover, as the panel in *Wolf* reasoned that, if the Legislature intended that quiet-title claims against a governmental entity can never lie if the claim involves the passage of a statutory period, then the Legislature's specific ban on claims of adverse possession and acquiescence in subsection (2)(c) would have been mere surplusage because subsection (2)(a) would automatically bar both of these claims for requiring a specific passage of a term of 15 years. *Id.* at 7-8. As the

-6-

panel observed, courts should not read statutes in a manner that renders words as surplusage or nugatory. *Id.*

Applying *Wolf*'s reasoning here, MCL 600.5821(2)(a) does not apply as a bar to plaintiffs' claims because this is not an action by the Road Commission to recover possession of Loftus Road from plaintiffs. Had the Road Commission sued to reclaim Loftus Road, plaintiffs could not defend it as their property on the basis of the expiration of a period of limitations because, pursuant to subsection (2)(a), the Road Commission is not subject to such periods of limitations. Further, plaintiffs are not prohibited by subsection (2)(c) from maintaining their claim that the Road Commission abandoned Loftus Road because common-law abandonment is not listed as one of the claims abrogated by the statute.

The Road Commission and Mitchell argue that this Court should not apply the reasoning in *Wolf* because that opinion is unpublished and because it was wrongly decided. According to the Road Commission, the panel in *Wolf* should have recognized that the plaintiffs' claim was for adverse possession, not common-law abandonment. However, the panel's reasoning in *Wolf*, unpub op at 8, is instructive that, although facts that support one cause of action may also support another, MCL 600.5821(2) does not prohibit facts, it prohibits adverse possession as a cause of action against the Road Commission. A plaintiff's claim of common-law abandonment does not fail merely because the claim depends on facts that also may prove an element of the claim of adverse possession. If plaintiffs ultimately cannot prove the elements of common-law abandonment, the claim will fail, but not merely because some facts overlap with another cause of action.[3]

To summarize, although unpublished, the reasoning in *Wolf* is instructive and supports a conclusion in the matter before us, that the plain language of MCL 600.5821 does not bar claims of common-law abandonment. Accordingly, to the extent that the trial court ruled otherwise, the trial court's ruling is reversed.

IV. MCL 224.18

Plaintiffs argue that the trial court erred by ruling that the only method by which a road commission may abandon a public right-of-way is pursuant to MCL 224.18. We agree.

MCL 224.18 provides, in relevant part, as follows:

---

[3] The Road Commission further argues that, in *Wolf*, the panel incorrectly ruled that the plaintiffs could show encroachments on the disputed road as evidence to support a claim of abandonment. The panel addressed that argument in *Wolf*, unpub op at 8 n 7, when it observed that, although MCL 247.190 states that encroachments on a property do not confer title to that property, evidence of encroachments may nonetheless constitute evidence in support of a claim of abandonment. In this case, as in *Wolf*, plaintiffs do not assert that, because someone placed drainage culverts on Loftus Road to benefit plaintiffs' property, that this confers title to the property on plaintiffs. However, that such encroachments to the property were imposed may nonetheless be evidence to support a claim of abandonment.

(3) The board of county road commissioners of any county that has adopted the county road system, at any time, may either relinquish jurisdiction of or absolutely abandon and discontinue any county road, or any part of a county road, by a resolution adopted by a majority vote. The vote of the county road commissioners in respect to either relinquishment of jurisdiction or absolute abandonment and discontinuance shall be taken and entered, and notice given, in the same manner as required in this section in cases in which county roads are adopted. After proceedings to relinquish jurisdiction have been had, the jurisdiction and control of the road, or part of the road, except as otherwise provided in this section, shall revert to the municipality within which the road is situated, and the county shall be relieved of the responsibility for the road. After proceedings to abandon absolutely and discontinue, the road or part of the road shall cease to exist as a public highway unless the unit of government that acquires the property or control of the property permits use as a public highway. Subject to subsection (8), the board, at the time of the passage of a resolution to abandon absolutely and discontinue any portion of a highway under its jurisdiction, shall determine in the resolution that it is in the best interests of the public that the highway or portion of the highway be absolutely abandoned and discontinued. The board shall cause a true copy of every resolution or other proceeding containing an accurate description of the lands comprising the highway or portion of the highway that has been absolutely abandoned and discontinued to be recorded in the office of the register of deeds for the county where the lands are situated.

(4) The board of county road commissioners shall not absolutely abandon and discontinue any highway, or part of a highway, except as provided in this section, upon the written petition of 7 or more freeholders of the township in which the road is sought to be absolutely abandoned and discontinued. The petition for absolutely abandoning and discontinuing a highway shall describe the road in general terms or by any name by which it is known, and if the absolute abandonment and discontinuance of only a portion of a road is asked for, that portion shall be specified. The petition shall be accompanied by a true and correct list of the names and mailing addresses of the occupants of each parcel of land abutting the highway, or portion of the highway, sought to be absolutely abandoned and discontinued, which list shall be certified to under oath by 1 of the persons making or presenting the petition.

This Court considered whether MCL 224.18 abrogated common-law claims of abandonment in *Ambs*, 255 Mich App at 637. In *Ambs*, the construction of I-94 split a public road, Cooks Drive, in Comstock Township. *Id*. at 639. When construction of the expressway finished in 1951, the Kalamazoo County Road Commission adopted a resolution to abandon the northern part of Cooks Drive pursuant to MCL 224.18, but it failed to officially abandon the southern portion of the road. *Id*. However, the road commission did not certify any part of Cooks Drive to receive state maintenance funds, and the road commission did not maintain any part of Cooks Drive after the expressway divided it. *Id*. In the years after Cooks Drive was split, nearby property owners built houses on lots abutting the road with the understanding that the road would not be maintained. *Id*. However, two other property owners were later denied variances to build homes

on a portion of Cooks Drive because of a township ordinance that prohibited the construction of homes on roads that were not publicly maintained. *Id*. at 639-640. Landowners sought to have Cooks Drive recertified as a public road, but the road commission told the landowners that they would need to share in the cost of making improvements to the road before it would recertify the road. *Id*. at 640. The landowners sued the road commission and its board and asked the trial court to declare that Cooks Drive was a public road and order the defendants to recertify it. *Id*.

The plaintiffs moved to prevent the road commission from asserting a defense of common-law abandonment by nonuse because, they argued, MCL 224.18 provides the only manner by which a public right-of-way may be abandoned. *Id*. at 640-641. The plaintiffs argued that the common-law doctrine of abandonment may be available to landowners, but that a road commission could not rely on this theory since the Legislature enacted and amended MCL 224.18 to provide more protections to landowners, not governmental entities. *Id*. at 641. The trial court disagreed and ruled that common-law abandonment was not exclusively a theory for private landowners because nothing in MCL 224.18 stated that the Legislature intended to abrogate all other methods by which a road commission may abandon a public road. *Id*. at 642. The case proceeded to trial, and the trial court ruled that the road commission abandoned the road by failing to maintain it after the 1951 construction of I-94. *Id*. at 642-643.

On appeal, this Court considered the version of MCL 224.18 that existed in the 1950s when the road commission stopped maintaining Cooks Drive. *Id*. at 644-645. At that time, the statute provided, in part, that "[t]he board of county road commissioners of any county which has adopted the county road system is hereby authorized and empowered to, at any time, either relinquish jurisdiction of or absolutely abandon and discontinue any county road, or any part thereof, by a resolution adopted by majority vote." *Id*. at 644. This Court disagreed that this language required the road commission to follow the procedures in MCL 224.18, reasoning as follows:

> Plaintiffs' assertion that adherence to the statutory procedures set forth above was required for a valid abandonment of a county road reads too much into the plain language of the statute. Although the statute "authorized" and "empowered" a board of county road commissioners to absolutely abandon any county road by resolution adopted by majority vote, nothing in the plain language of the text required such a vote, and it is only upon such vote and resolution that the remaining procedures, i.e., notice, recording, and a determination that abandonment is in the best interests of the public, were required. [*Ambs*, 255 Mich App at 645.]

In so holding, this Court distinguished cases in which our Supreme Court held that the procedures in MCL 224.18 were mandatory by observing that the statutory procedures only apply once a road commission decides by resolution to abandon a road under the statute. *Id*. at 645-646.

Further, when considering whether the Legislature intended to dispense with the common-law doctrine of abandonment on the basis of its decision to provide greater safeguards to private property owners in amendments to MCL 224.18, this Court reasoned as follows:

> Plaintiffs assert that the additional protections afforded to private interests by these amendments make clear a legislative intent to abrogate the out-dated theory of

common-law abandonment. However, as discussed above, legislative intent must be gleaned from the specific language employed in the statute. Moreover, it is well established that statutes in derogation of the common law must be strictly construed, and will not be extended by implication to abrogate established rules of common law. As noted above, under the plain language of the statute at issue here, the additional protections afforded through amendment by the Legislature come into play only when a resolution to abandon is adopted by the board, which itself is not required. Accordingly, to read the amendments as evidence of a legislative intent to require adherence to the statute itself would be neither reasonable nor logical. [*Ambs*, 255 Mich App at 649 (quotation marks and citations omitted).]

This Court recently discussed the application of MCL 224.18 to common-law claims of abandonment in *Wolf*, unpub op at 9-12. As previously discussed, in *Wolf*, the panel ruled that MCL 600.5821(2) does not bar claims of common-law abandonment. *Id*. at 6-8. As in this case, the trial court in *Wolf* agreed with the road commission that it could not have abandoned the road that ran through the plaintiffs' property because MCL 224.18 provides the only manner by which a road commission may abandon a public right-of-way. *Id*. at 9.

In considering the issue, the panel in *Wolf*, unpub op at 10, cited *Ambs*, 255 Mich App at 643, in which, as noted, this Court considered a version of MCL 224.18 before its amendments in 1996 and 2000, and ruled that, although MCL 224.18 authorized a road commission to abandon a public right-of-way through a resolution by majority vote, no language in the statute required a road commission to vote to abandon a public road. In *Wolf*, unpub op at 10, the panel ruled that the relevant language in MCL 224.18(3) on which this Court relied in *Ambs* did not change, and, therefore, pursuant to *Ambs*, a road commission may abandon a road by methods other than the manner outlined in MCL 224.18(3).

As in this case, the road commission in *Wolf* also cited subsection (4) of the statute to support its claim that a road commission cannot abandon a road by any means other than in MCL 224.18. *Id*. As set forth earlier, the statute provides that, "[t]he board of county road commissioners shall not absolutely abandon and discontinue any highway, or part of a highway, except as provided in this section, upon the written petition of 7 or more freeholders of the township in which the road is sought to be absolutely abandoned and discontinued." MCL 224.18(4). The panel in *Wolf* did not interpret this sentence to mean that a road commission may only abandon a highway if at least seven landowners submit a petition making that request. *Wolf*, unpub op at 11. Instead, the panel ruled as follows:

A better interpretation of this sentence is that the board of county road commissioners can only abandon a highway or part of a highway as provided in MCL 224.18 upon the written petition of 7 or more freeholders of the township. This interpretation gives effect to the entire sentence rather than selectively applying the first part of the sentence and ignoring the second. [*Id*.]

Further, although the road commission's interpretation of MCL 224.18(4) also was reasonable, the panel chose to adopt the interpretation that did not modify the common law because, to do so, the Legislature must express that intention "in no uncertain terms." *Id*. (quotation marks and citation omitted).

The panel in *Wolf*, unpub op at 11, additionally addressed an argument similar to that raised by the Road Commission in this case—that, in *Huron Mountain Club v Marquette Co Rd Comm*, 303 Mich App 312, 324; 845 NW2d 523 (2013), this Court stated that MCL 224.18(4) unambiguously provides that a road commission may abandon a highway only when a petition is submitted as described. The panel in *Wolf* stated:

> When read in isolation, this sentence would seem to support defendant's position. Yet a simple reading of *Huron Mountain Club* makes clear that it never addressed the issue raised by defendant here. *Huron Mountain Club* concerned whether an abandonment petition initiated pursuant to MCL 224.18(4) needed to be signed by seven or more freeholders; this Court held that it did, and that the plaintiff's petition which failed to meet this requirement was "fatally defective." *Huron Mountain Club*, 303 Mich App at 328. The sentence of *Huron Mountain Club* that defendant relies on remains true in the context of abandonment petitions initiated pursuant to MCL 224.18(4), but offers no guidance on whether MCL 224.18 provides the exclusive means by which a county road commission can abandon a public highway, which is the question at issue in this case. [*Wolf*, unpub op at 11.]

Because nothing in MCL 224.18 indicates that the Legislature intended to abolish the common-law doctrine of abandonment, the panel in *Wolf* declined to read subsection (4) in a manner that would accomplish that end. *Id*. at 11-12.

Again, we find the reasoning in *Wolf* persuasive. The holding in *Wolf* that MCL 224.18(3) does not preclude claims of common-law abandonment has the added support of this Court's published decision in *Ambs*, and the holding in *Wolf* that MCL 224.18(4) also does not clearly indicate a legislative intent to abrogate common law is equally persuasive. Thus, we agree with the panel's holding that, if the Legislature intended to abrogate the common-law cause of action for abandonment, it would have done so with clarity. Moreover, this Court should not interpret the statute to do so when such legislative intent is lacking.

For these reasons, the trial court erred when it granted summary disposition to the Road Commission on this ground.[4]

## V. ABANDONMENT

As discussed, the trial court granted summary disposition to the Road Commission on plaintiffs' claim of common-law abandonment of Loftus Road because the trial court ruled that plaintiffs' claims were barred as a matter of law pursuant to MCL 600.5821 and MCL 224.18. Specifically, the trial court ruled that the Road Commission "is not subject to" plaintiffs' claim of common-law abandonment. However, at the summary disposition hearing, the trial court further

---

[4] The Road Commission argues that MCL 600.5821 and MCL 224.18, when read together, indicate that the Legislature has "occupied the field" as to the abandonment of public roads. See *Trentadue v Buckler Lawn Sprinkler*, 479 Mich 378, 390; 738 NW2d 664 (2007). We disagree. As explained, MCL 224.18 essentially provides for an additional method of abandonment, and MCL 600.5821 does not concern abandonment as it relates to road commissions as defendants.

opined: "That they have not abandoned this road. That there has been no showing in the pleadings of an intent to relinquish the property [by] an external act, putting that intention into effect. Non-use alone is insufficient." In the written order granting summary disposition to the Road Commission, the trial court stated that "[p]laintiffs' claim for common-law abandonment is dismissed with prejudice and without costs to any party for the reasons stated on the record."

Although the trial court's comment is not entirely clear, in our opinion, the trial court should not have reached the question whether plaintiffs could show common-law abandonment because it ruled that plaintiffs were barred from making that claim pursuant to the statutes previously discussed. The Road Commission did not move for summary disposition under any other court rule such as MCR 2.116(C)(8) (failure to state a claim on which relief can be granted) or MCR 2.116(C)(10) (no genuine issue of material fact). Accordingly, as to the Road Commission, the only issue before the trial court was whether plaintiffs' claims were barred as a matter of law.

Nonetheless, we acknowledged that the trial court correctly stated that there must be some showing of an intent to abandon to establish a claim for common-law abandonment. As this Court explained in *Ambs*, 255 Mich App at 652:

> A roadway established for public use may cease to be such by voluntary abandonment and nonuse. To prove such abandonment, both an intent to relinquish the property and external acts putting that intention into effect must be shown by the party asserting abandonment. [Citations omitted.]

As plaintiffs argue, the trial court appears to have concluded that plaintiffs failed to plead facts that would be sufficient to show the Road Commission's intent to abandon Loftus Road. However, we conclude that plaintiffs should be permitted to address the merits of their claim following at least some time for discovery. As plaintiffs argued, a decision on the merits was premature when counsel had yet to take a single deposition and when he had recently learned through a Freedom of Information Act, MCL 15.231 *et seq*., request that the Road Commission denied having any documents related to Loftus Road. See *Mackey v Dep't of Corrections*, 205 Mich App 330, 333; 517 NW2d 303 (1994).

In their second amended complaint, plaintiffs alleged that Loftus Road currently either exists only on paper or was abandoned; plaintiffs and their predecessors in interest have paid property taxes on the entire parcel, including the roadbed; plaintiffs have exclusively used and occupied the area of Loftus Road for at least 15 years; the portion of Loftus Road at issue has not been maintained or improved; the public has not used the disputed portion of the road for many years; and the Road Commission had abandoned the road under the common-law definition in *Villadsen v Mason Co Rd Comm*, 268 Mich App 287, 304-305; 706 NW2d 897 (2005).

We agree that plaintiffs' complaint does not offer much detail with regard to what conduct by the Road Commission might evidence its intent to abandon the road. However, plaintiffs should be permitted to complete discovery because there appears to be at least some factual dispute about the Road Commission's history with regard to Loftus Road. For example, plaintiffs presented evidence that Mitchell signed an acknowledgment that Loftus Road was a private road when he

bought his lot in 2021, raising the question whether the Road Commission declared Loftus Road to be a private road at some point. Plaintiffs' counsel also stated at the preliminary injunction hearing that, since 1938, no county map has shown Loftus Road west of Solomon Road as a public road until it appeared as a private easement on a map in 2003. Given the nonuse of Loftus Road for 50 years, prior owners of Mitchell's property had to use another access point, which now appears to be unsuitable to Mitchell.

Other references in the record indicate that the Road Commission has declined to accept state funds for maintenance of Loftus Road; that the road is impassible because of the construction of drainage culverts in the roadbed and an overgrowth of trees and vegetation; and that Jacob Welch, the Assistant Managing Director of the Road Commission, reported to police officers that the road was decertified. The Road Commission claims that reference to evidence like plaintiffs' assertion that maps did not show Loftus Road for more than 60 years amounts to an impermissible attempt to expand the record on appeal.[5] However, the Road Commission's motion for summary disposition did not call for evidence on the merits of plaintiffs' claim of abandonment, but the viability of that claim in light of MCL 600.5821 and MCL 224.18. The factual assertions merely show the extent to which further discovery is necessary to properly decide the issue of common-law abandonment.

Plaintiffs' counsel also argued at the summary disposition hearing that a ruling on the facts was premature because he had not yet deposed anyone and the Road Commission claimed to have no documents regarding the history of Loftus Road. Generally, summary disposition is premature if granted before discovery is complete on a disputed issue. *Bodnar v St John Providence, Inc*, 327 Mich App 203, 231; 933 NW2d 363 (2019). Accordingly, we hold that the trial court erred by dismissing abandonment as a substantive claim before discovery was complete.

## VI. CONCLUSION

We conclude that the trial court erred by ruling that plaintiffs' claim for common-law abandonment was precluded by MCL 600.5821 and MCL 224.18. Further, under the facts of this case, we also conclude that the trial court erred by indicating that plaintiffs' claim was not factually supported, as doing so was premature. Therefore, we reverse and remand to the trial court for further proceedings consistent with our opinion. We do not retain jurisdiction.

/s/ James Robert Redford
/s/ Michael J. Riordan
/s/ Kathleen A. Feeney

---

[5] Plaintiffs' counsel discussed the various maps at the preliminary injunction hearing and provided the trial court with a packet of maps and other recorded documents to clarify the dispute but did not submit them as evidence to challenge the Road Commission's claim that plaintiffs' claims are barred by statute.